```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF IOWA
                         CENTRAL DIVISION
```

| | | |
|---|---|---|
| DAVID ESTRADA, | ) | |
| | ) | 4:12-cv-00165-REL-RAW |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | CONCERNING DEFENDANT'S |
| | ) | MOTION TO DISMISS AND |
| WAL-MART STORES, INC., | ) | FOR SANCTIONS |
| | ) | |
| Defendant. | ) | |

On April 20, 2012 the present lawsuit making claims under the Federal Medical Leave Act, 28 U.S.C. § 2617, *et seq.*, was removed by defendant to this Court from the Iowa District Court in and for Polk County pursuant to 28 U.S.C. §§ 1331, 1441(a). Scheduling deadlines and trial have been set. On August 31, 2012 counsel for plaintiff filed a motion for leave to withdraw [7], citing in part plaintiff's failure to communicate with counsel. Plaintiff did not respond to the motion, which was served upon him and counsel was granted leave to withdraw [9]. As directed in the order, counsel served a copy of the order upon plaintiff by mailing it to his last known address. [10]. Mr. Estrada was directed to respond to defendant's outstanding discovery requests and to report to the Court concerning how he intended to proceed in this matter by October 18, 2012. Defendant did not respond to the discovery requests nor did he comply with the order to report concerning representation.

On December 14, 2012, defendants filed a motion to dismiss and for sanctions [11], citing plaintiff's failure to

comply with the Court's order. The motion was served on plaintiff by regular mail at his last known address. Plaintiff has not responded to the motion. Defendants request the Court dismiss plaintiff's lawsuit pursuant Fed. R. Civ. P. 16, 37 and 41 and LR 41.2.

**IT IS RESPECTFULLY RECOMMENDED** that defendant's motion to dismiss and for sanctions [11] be granted pursuant to Fed. R. Civ. P. 41(b) and the case dismissed as a sanction for plaintiff's noncompliance with Court orders and failure to respond to discovery.

IT IS ORDERED that the plaintiff have until **January 25, 2013** to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1). Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. See Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of plaintiff's right to appeal questions of fact. Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); Thompson, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 4th day of January, 2013.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE